# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03384-SKC

D.D.,

    Plaintiff,

v.

RANDALL BUTLER, in his official and individual capacities;

    Defendant.

---

## AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff, by and through her attorneys, David A. Lane and Tyrone Glover of KILLMER, LANE & NEWMAN, LLP, respectfully alleges for this Amended Complaint and Jury Demand as follows:

### I. STATEMENT OF FACTS

1. This is an action for damages and other relief against Former Lakewood, Colorado police officer Defendant Randall Butler who forcibly raped Plaintiff D.D.

2. Defendant Randall Butler was on duty on the evening of November 16, 2018 when he saw D.D. leaving a Lakewood bar. Defendant Butler pulled his Lakewood police cruiser up close to Plaintiff. and asked her if she wanted a ride home, as he implied the neighborhood was not being safe to walk in late at night.

3. At first D.D. refused, but Butler persisted so she agreed to take a ride home.

4. D.D. got into the police cruiser and Butler drove to a deserted area where he stopped the car and said "It looks like you want a kiss." D.D. became frightened and tried to assure Butler that she did not want a kiss. At that point, Butler used his superior strength and his position of authority as a police officer, and forced D.D. to have sex with him in his car.

5. Responsible for and trusted with protecting D.D. while she was in one of the most vulnerable states imaginable, Butler instead abused his position of trust and forcibly raped D.D.

6. Shortly after she was raped, D.D. made a complaint to the Denver Police Department which immediately launched an investigation into the Lakewood officer's actions, as D.D. believed that the rape occurred in Denver. The Denver Police determined that a viable complaint existed and Butler was charged with sex assault.

7. This charge was widely reported in Denver-metro media, and two other women have subsequently stepped forward and made similar allegations against Butler.

8. Butler is still being prosecuted for three sexual assaults committed while he was an on-duty Lakewood police officer.

9. Defendant's conduct violated D.D.'s rights under the Fourteenth Amendment to the United States Constitution.

## II. JURISDICTION AND VENUE

10. This action arises under the Constitution and laws of the United States and the State of Colorado, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). Jurisdiction supporting Plaintiff's claims for attorney fees and costs is conferred by,

and such claims are brought pursuant to, 42 U.S.C. § 1988. This Court has supplemental jurisdiction over the pendant state claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State of Colorado at all relevant times.

### III. PARTIES

12. At all times relevant to this Complaint, Plaintiff D.D. was a citizen of the United States and a resident of the State of Colorado.

13. At all times relevant to this Complaint, Defendant Randall Butler was employed by the Lakewood, Colorado police department, was a citizen of the United States, a resident of Colorado, and was acting under color of state law in his official and individual capacity.

### IV. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourth and Fourteenth Amendment – Unlawful Seizure and Excessive Force**

14. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

15. Defendant was acting under color of state law in his actions at all times relevant to this action.

16. Defendant Butler knowingly and unlawfully seized the person of D.D. without probable cause or reasonable suspicion to believe she had committed any crime and inflicted unnecessary and wanton pain upon D.D. by his coercive sex acts, in violation of D.D.'s rights to be free from being unlawfully seized under the Fourth and Fourteenth Amendments.

17. By raping D.D., Defendant Butler was deliberately indifferent and completely without regard to D.D.'s health and safety.

18. The acts of Defendant were the legal and proximate cause of D.D.'s damages in that she suffered physical intrusion into bodily privacy and integrity, humiliation, and mental and emotional pain and anguish.

19. The acts of Defendant Butler caused D.D. damages in that she suffered physical, mental and emotional pain and injury as described above, from which she will likely continue to suffer for the rest of her life.

20. Defendant's conduct in violating D.D.'s rights as described herein shocks the conscience and is intolerable to society's standards of fundamental fairness.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process –
### Invasion of Bodily Integrity

21. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

22. Defendant was acting under color of state law in his actions which occurred at all times relevant to this action.

23. By raping D.D., Defendant Butler recklessly, with conscious disregard to the serious and obvious risk to D.D.'s safety, and with deliberate indifference, violated D.D's constitutionally protected right to bodily integrity.

24. This conduct amounts to deliberate indifference to the rights of D.D.

25. When viewed in total, Defendant's conduct shocks the conscience.

26. The acts of the Defendant were the legal and proximate cause of D.D.'s damages in that she suffered physical intrusion into bodily privacy and integrity, humiliation, and mental and emotional pain and anguish.

27. Defendant's actions violated D.D.'s substantive due process right to bodily integrity under the Fourteenth Amendment to the United States Constitution.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant:

(a) Appropriate declaratory and other injunctive and/or equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) All economic losses on all claims allowed by law;

(d) Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(e) Attorney fees and the costs associated with this action on all claims allowed by law;

(f) Pre- and post-judgment interest at the lawful rate;

(g) Any further relief that this court deems just and proper, and any other relief as allowed by law.

PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.

Dated this 18th day of November 2020.

KILLMER, LANE & NEWMAN, LLP

    s/ David A. Lane
David A. Lane
A. Tyrone Glover
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
(303) 571-1001 facsimile
dlane@kln-law.com
tglover@kln-law.com

ATTORNEYS FOR PLAINTIFF