IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  20-cv-03384-SKC

D.D.,

    Plaintiff,

v.

RANDALL BUTLER, in his official and individual capacities;

    Defendant.

---

**PLAINTIFF'S MOTION TO RESTRICT (LEVEL 1) COMPLAINT AND ECF FILING NOS. 1-1, 2 AND 4**

---

    Plaintiff, through her attorneys, David A. Lane and Tyrone Glover of KILLMER, LANE & NEWMAN, LLP, files the following Motion to Restrict Complaint and ECF filing nos. 1-1, 2 and 4, and states as follows in support:

**INTRODUCTION AND FACTS**

    1.    Plaintiff filed her complaint and jury demand [ECF 1] on November 15, 2020 along with her civil cover sheet [ECF 1-1], both of which contained Plaintiff's full name.

    2.    Shortly *after* the filing of the complaint, Plaintiff informed her counsel that she was no longer comfortable with having her identity publicly associated with this lawsuit and wished to proceed under the pseudonym of her initials only.

    3.    Contemporaneously with the filing of this motion, Plaintiff has filed her Amended Complaint and her Motion to Proceed Under a Pseudonym.

    4.    In addition to taking these steps to protect her identity, Plaintiff, Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO. LCiv.R. 7.(c)(1), requests that access to the Complaint and Jury

Demand [ECF 1] and subsequent filings to date, ECF nos. 1-1, 2 and 4, all of which contain Plaintiff's full name, be restricted to Level 1 protection shielding her from further public identity.

5. As detailed in the complaint, Plaintiff was the victim of serious criminal sexual assault by Defendant Randall Butler. Plaintiff has been severely traumatized by the sexual abuse she suffered and is extremely sensitive to experiencing severe emotional harm and humiliation from public exposure associated with this lawsuit because of the high risk of being re-traumatized when reliving the events of the case, along with the inherently private nature of the abuse she suffered at the hands of the Defendant Butler.

6. The Tenth Circuit has recognized several circumstances warranting some form of anonymity in judicial proceedings, adopting the Eleventh Circuit's list of limited but compelling exceptions where a plaintiff's privacy interest is so substantial as to outweigh the important public interest at stake, explaining:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases *involving matters of a highly sensitive and personal nature*, real danger of physical harm, or *where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity*.

*Femedeer*, 227 F.3d at 1246 (citation omitted) (emphasis added). The instant lawsuit embodies precisely that "exceptional case" that necessitates proceeding under a pseudonym because Plaintiff's weighty, constitutionally-protected interest in his privacy tips the scale over the public's interest in access to the identity of the Plaintiff in these otherwise open court proceedings.

7. It is of the utmost importance to Plaintiff that her identity in this case remain as confidential as possible, and that she proceeds in this matter under a pseudonym. Each docket entry Plaintiff moves to restrict contains her name and has already been filed— thus redaction of the entries or restriction of only certain exhibits would be inappropriate. It would also be

inappropriate to summarize these docket entries given their nature (Complaint, Civil Coversheet, Notice of Assignment of Magistrate, and Summons). Accordingly, no alternative to restriction is practicable and only restriction will adequately protect Plaintiff's Interest.

## CERTIFICATION PURSUANT TO D.C.COLO. LCivR. 7.1

Plaintiff's counsel does not yet know who will represent Defendant and was thus unable to confer regarding the relief sought herein.

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests this Court grant her Motion to Restrict her Complaint [1], Civil Cover Sheet[1-1], the Court's notice of assignment of Magistrate Judge [2] and the Summons Request [4] all filed prior to this motion and Plaintiff's Amended Complaint.

DATED this 18th day of November 2020.

KILLMER, LANE & NEWMAN, LLP

s/ David A. Lane
David A. Lane
Tyrone Glover
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: (303) 571-1000
Fax: (303) 571-1001
dlane@kln-law.com
tglover@kln-law.com

*Counsel for Plaintiff*